# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANKLIN L. VANNOY,**
**Claimant Below, Petitioner**

**vs.)    No. 14- 0453** (BOR Appeal No. 2049013)
(Claim No. 2009076782)

**CHAFIN BRANCH COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Franklin L. Vannoy, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Chafin Branch Coal Company, LLC, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 15, 2014, in which the Board affirmed a November 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 18, 2012, decision denying Mr. Vannoy's request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vannoy worked as a mechanic for Chafin Branch Coal Company, LLC. On January 28, 2009, Mr. Vannoy was injured when he was pulling on a chain and twisted his back. The claim was held compensable. Mr. Vannoy returned to work and continued working for Chafin Branch Coal Company, LLC, until the mine closed. He then began working for a different employer until he had another injury in 2012. On December 6, 2010, Prasadarao B. Mukkamala,

1

M.D., performed an independent medical evaluation and found Mr. Vannoy had reached maximum medical improvement.

The Office of Judges affirmed the claims administrator's decision and found that the preponderance of the evidence demonstrates that Mr. Vannoy recovered from his 2009 injury and did not have his current problems until after he suffered an injury in 2012. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Vannoy disagrees and asserts that that the preponderance of the evidence shows that he has suffered an aggravation to his January 28, 2009, compensable injury and, thus, is entitled to additional temporary total disability benefits. Chafin Branch Coal Company, LLC, maintains that Mr. Vannoy has failed to establish that his current complaints are due to his January 28, 2009, injury. Chafin Branch Coal Company, LLC, further maintains that the evidence clearly shows that Mr. Vannoy sustained an intervening injury in 2012 that has resulted in his current complaints.

Even though Mr. Vannoy's testimony and the physician notes indicate that his condition has worsened or progressed, the Office of Judges found that his condition does not appear to have worsened or progressed until after the intervening work accident. The Office of Judges noted that Mr. Vannoy has a separate injury involving an intervening injury, which occurred in 2012. The Office of Judges found that Mr. Vannoy had clearly reached maximum medical improvement in this claim and had returned to work after this injury until the 2012 accident that occurred while working for a different employer. The evidence does not indicate Mr. Vannoy was having right leg weakness or problems with his leg giving out when he began his new job. The Office of Judges found these complaints were new issues that began after the 2012 injury. The Office of Judges concluded that it would not be appropriate to reopen this claim in order to provide benefits which most likely would be attributable to a different, more recent accident with a different employer. The Office of Judges further concluded that the current request does not relate to the 2009 injury in this claim and thus, was appropriately denied.

Upon review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence shows that Mr. Vannoy had recovered from his 2009 injury and had returned to work. It further shows that he did not have his current problems until after an intervening injury in 2012 while working for a different employer. Therefore, the evidence does not support a finding that Mr. Vannoy's 2009 injury progressed or was aggravated.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II